# FIRST DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

———————————————————

No. 1D17-1252

———————————————————

CYNTHIA PROCTOR BEDELL,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

———————————————————

On appeal from the Circuit Court for Okaloosa County.
John T. Brown, Judge.

August 10, 2018

ON MOTION FOR CLARIFICATION

PER CURIAM.

DENIED.

RAY and BILBREY, JJ., concur; WINOKUR, J., concurs with opinion.

———————————————————

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

———————————————————

WINOKUR, J., concurring.

The State argues that the opinion should be clarified to dispel any suggestion that "a urine test for alcohol is available or even necessary before consent to a blood test is upheld." According to the motion, under section 316.1932(1)(c) the State must show that administration of a urine test was impractical or impossible, thus supporting a blood draw, only when the officer has reason to believe that the suspect was under the influence of a *controlled substance*. When the officer believes the suspect was under the influence of *alcohol*, as here, the State must only show that administration of a *breath* test was impractical or impossible before resorting to a blood draw, according to the motion. This is because, the motion claims, no urine test can detect the amount of alcohol in the blood stream, so the Legislature must have meant to limit urine tests in this context to suspicion of driving under the influence of controlled substances. The State supports this contention with citations to circuit court opinions, as well as the Florida DUI Handbook.

I agree that clarification on this point is unnecessary, for two reasons. First, the question of whether a urine test was impractical or impossible before police could resort to a blood draw was always part of this case. If in fact the State was not required to prove this point, that suggestion did not appear here. Second, it is not clear that section 316.1932(1)(c) makes the distinction that the State asserts in its motion. Whether such a distinction exists will have to wait upon another case, one where this issue is properly before the Court.

_____

Dustin Dewrell, Shalimar, for Appellant.

Pamela Jo Bondi, Attorney General, and Sharon S. Traxler, Assistant Attorney General, Tallahassee, for Appellee.